UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BASHEVA GOLDBERG, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br><br><br>     -v.-<br><br>UNIFUND CCR, LLC,<br><br>MULLOOLY, JEFFREY, ROONEY & FLYNN, LLP<br><br>and JOHN DOES 1-25.<br><br>                    Defendant(s). | C.A. No:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Basheva Goldberg (hereinafter, "Plaintiff"), a New York resident, brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant Unifund CCR, LLC (hereinafter "Defendant Unifund") and Defendant Mullooly, Jeffrey, Rooney & Flynn LLP (hereinafter "Defendant Mullooly") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.     Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA" or "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time,

Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws ·were inadequate. *Id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as the Plaintiff resides here, this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

**PARTIES**

7.  Plaintiff is a resident of the State of New York, County of Rockland, residing at 10 Sam Law Dr., Monsey, NY 10952

8.  Defendant Unifund CCR, LLC is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 10625 Techwoods Circle, Cincinnati, Ohio, 45242 and may be served process upon its registered agent, Corporation Service Company, 80 State Street, Albany, New York, 12207-2543.

9.  Upon information and belief, Defendant Unifund is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant Mullooly is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 6851 Jericho Turnpike, Suite 220, Syosset, NY 11791-9036.

11. Upon information and belief, Defendant Mullooly is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

**CLASS ALLEGATIONS**

13. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

14. The Class consists of:

    a.  all individuals with addresses in the State of New York;

   b. on whom Defendant Mullooly filed a lawsuit to collect a consumer debt;

   c. on behalf of Defendant Unifund;

   d. and subsequently filed another lawsuit for the exact same debt without dismissing the first lawsuit;

   e. which lawsuit was filed on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

15. The Sub-Class consists of:

   a. all individuals with addresses in the State of New York;

   b. on whom Defendant Mullooly filed a lawsuit to collect a consumer debt;

   c. on behalf of Defendant Unifund;

   d. which lawsuit was filed in a jurisdiction other than the jurisdiction which Plaintiff resides;

   e. which lawsuit was filed on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

16. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

17. Excluded from the Plaintiff Classes are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

18. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal

issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f and 1692d.

19. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

20. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms **attached as Exhibit A** violate 15 U.S.C. § 1692e and §1692f and § 1692g.

    c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims

arising out of the Defendants' common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

21. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

22. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

**FACTUAL ALLEGATIONS**

23. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

24. Some time prior to January 15, 2019, a personal financial obligation in the current amount of $8,859.83 was allegedly incurred by Plaintiff to the First National Bank of Omaha.

25. The alleged First National Bank of Omaha obligation arose out of a transaction involving a debt incurred by Plaintiff in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes.

26. The alleged First National Bank of Omaha obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

27. First National Bank of Omaha is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

28. First National Bank of Omaha or a subsequent owner of the debt sold the debt to Defendant Unifund who subsequently contracted with Defendant Mullooly to collect the alleged debt.

29. Defendant Unifund and Defendant Mullooly collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation*

30. On or about February 1, 2019, Defendant Mullooly filed a lawsuit on behalf of Defendant Unifund to collect the First National Bank of Omaha debt in the Supreme Court of the State of New York, County of Richmond. See attached Exhibit A.

31. There was no basis for Defendant Mullooly to file the lawsuit in Richmond County as Plaintiff did not live in Richmond County, nor did any of the events related to the lawsuit occur in Richmond County.

32. Neither the Plaintiff, Defendant or the Defendant's attorneys are based in Richmond County.

33. On or about February 25, 2019, Defendant Mullooly filed a second lawsuit on behalf of Defendant Unifund for the exact same debt in the Supreme Court of New York, Rockland County. See Attached Exhibit B.

34. Defendant Mullooly have not withdrawn or dismissed the earlier lawsuit and the earlier lawsuit is currently active.

35. Plaintiff has been harassed by the double lawsuit as it causes her to simultaneously defend herself in two cases unnecessarily.

36. In addition, bringing two legal actions for a single debt is an unfair and misleading form of coercion being used by Defendants to collect the alleged debt.

37. Finally, forcing the Plaintiff to defend herself in a different County than her own is harassing collection efforts.

38. Plaintiff suffered an emotional injury for the mental anguish and emotional distress she suffered and continues to suffer for being sued in a jurisdiction that she does not reside in and then being sued twice for one debt.

39. Plaintiff sustained an informational injury because she is faced with two lawsuits for an identical debt and unable to ascertain which action to defend.

40. Plaintiff is also being harmed as both lawsuits appear in public records which can harm her credit.

41. As a result of Defendants' deceptive, misleading, and false debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692d *et seq.*

42. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

43. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

44. Pursuant to 15 U.S.C. §1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person with the collection of the debt.

45. Defendants violated said section by harassing and oppressing Plaintiff by bringing a legal action in a jurisdiction where she did not reside and bringing the same legal action twice on the same debt.

46. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692d et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

47. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

48. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

49. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

50. Defendants violated said section

    a. by making a false and misleading representation in violation of §1692e(10);

    b. by falsely representing the character, amount of legal status of the debt in violation of §1692e(2)(A);

    c. by making the threat to take any action that cannot legally be taken or that is not intended to be taken in violation of §1692e(5).

51. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

52. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

53. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

54. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

55. Defendants violated this section by harassing Plaintiff with two lawsuits for the exact same debt.

56.     By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## **DEMAND FOR TRIAL BY JURY**

57.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Basheva Goldberg, individually and on behalf of all others similarly situated demands judgment from Defendant Unifund CCR, LLC and Defendant Mullooly, Jeffrey, Rooney & Flynn, LLP as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Dov Mittelman, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  March 29, 2019                                          Respectfully Submitted,

                                                                               **Stein Saks, PLLC**

                                                                              /s/ Dov Mittelman
                                                                              By: Dov Mittelman, Esq.
                                                                              285 Passaic Street
                                                                              Hackensack, NJ 07601
                                                                              Ph: (201) 282-6500
                                                                              Fax: (201) 282-6501
                                                                              *Attorneys For Plaintiff*